CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 APR 13 PM 1:25

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| FRANCISCO LOPEZ. Jr., ) <br> TDCJ ID No. 1695583, ) <br> Prior TDCJ ID Nos. 1158756, 1396830, ) <br> SID No. 05863303, ) <br>                  Plaintiff, ) <br> ) <br> V. ) <br> ) <br> ADRIENNE CORRELL, ) <br> Captain, DHO, French Robertson Unit, ) <br>                  Defendant(s). ) | <br><br><br><br><br><br>CIVIL ACTION NO. <br>1:16-CV-001-P-BL <br><br>Assigned to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

Plaintiff Francisco Lopez, Jr., acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Lubbock division of this Court. By Order dated January 6, 2016, all Plaintiff's claims alleged to have occurred at the French Robertson Unit in Abilene, Texas, and against Defendant Adrienne Correll were severed from the initial action, and transferred to this the Abilene division and assigned the above cause number. After the case was transferred, review of the case indicated that although Plaintiff supplied a motion for leave to proceed in forma pauperis, he did not accompany that motion with a certificate of inmate trust account. Furthermore, as Plaintiff had only claims arising from his housing at the French Robertson Unit, he was directed to complete and file an Amended Complaint.

Thus, by Order entered in this case on March 7, 2016, Plaintiff was ordered to, within thirty (30) days, pay the $ 400.00 filing and administrative fees, or provide a signed verified certificate of inmate trust account. That Order also directed Plaintiff to complete and file an Amended Complaint

within thirty days. The March 7, 2016 Order expressly included the warning that "failure to timely file the required documents could result in a denial of *in forma pauperis* status and a dismissal of Plaintiff's complaint for want of prosecution without further notice, unless the filing fee of $400.00 is paid." (doc. 14.)

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). As of this date, Plaintiff has not filed the required certificate of inmate trust account or paid the applicable fees, he has not filed an Amended Complaint, and he has not filed any other document responsive to the Court's Order. Because Plaintiff Lopez has failed to respond to this Court's order, the case should be dismissal under authority of Rule 41(b) for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

Signed April 13, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE